■ In the Matter of JAIME GONGORA, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [951 NYS2d 137]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered December 8, 2010, which in this proceeding pursuant to

Education Law § 3020-a (5) and CPLR 7511 to vacate an arbitration award finding petitioner guilty of sexual misconduct and imposing a penalty of termination, granted the petition to the extent of dismissing the charge of sexual misconduct, dismissing certain specifications, vacating the termination of petitioner's employment as a tenured New York City school teacher, and remanding the proceeding for a new hearing before a new arbitrator, for a determination of whether the surviving specifications constitute the remaining sustained charge of neglect of duty, and for a redetermination of the penalty, unanimously modified, on the law, to reinstate the determination of guilt on specifications 1.2, 2.2, and 3.1, to reinstate the finding of sexual misconduct, and to reinstate the penalty of termination, and otherwise affirmed, without costs.

Petitioner, a tenured high school teacher, became the subject of an investigation based upon an incident involving a telephone call to an 18-year-old female student's home. Following an investigation, four specifications were preferred against petitioner alleging, inter alia, that he engaged in sexual misconduct. At the disciplinary hearing, petitioner admitted that he called the student's home and identified himself by his first name to the woman who answered the telephone, in violation of school protocol. Petitioner then told the student that she had passed a recent examination, asked her if she was happy about the results, and asked her to go out with him. In response to this request, the student and her mother, who was also on the line, confronted petitioner, and he hung up. The student's mother added that petitioner told her daughter not to tell her mother that he was her teacher, which claim was consistent with the student's verbal and written reports. The arbitrator found petitioner guilty of sexual misconduct and terminated his employment.

Judicial review of this determination is limited to the grounds set forth in CPLR 7511 (*see* Education Law § 3020-a [5]), i.e., "misconduct, bias, excess of power or procedural defects" (*Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567 [1st Dept 2008] [internal quotation marks and citation omitted]; *see* CPLR 7511 [b] [1]). Where, as here, the arbitration is compulsory, the excess of power standard under CPLR 7511 (b) includes review of "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record" (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood* (26 NY2d 493, 508 [1970]). Thus, the "determination must be in accord with due process and supported by adequate evidence, and must also be rational and

satisfy the arbitrary and capricious standards of CPLR article 78" (*Lackow* at 567, citing *Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]).

Here, as found by Supreme Court, petitioner's conduct served as a basis for sustaining specification 1.1 (e), which alleged that petitioner told the student not to tell her mother that he was her teacher, and specification 3.2, which alleged that petitioner asked the student to go out with him. The record also supports sustaining specification 1.2, which charged that petitioner hung up when confronted by the mother, which conduct constitutes a separate nonfrivolous element to the charge of sexual misconduct. Moreover, the record supports specification 3.1, which charged that petitioner asked the student whether she was happy with the news that she had passed the exam. In the context of the nighttime phone call to a student, the question, asked by petitioner before his proposition of a date, suggests misconduct.

The court properly found that specification 2.1, which charged that, the next day, petitioner told the student not to report the call, was supported by the record. The record also supports specification 2.2, which further specified that petitioner warned the student not to tell the principal about the call, indicating an awareness of wrongdoing, and thus, the specification was not duplicative and should not have been dismissed by the court.

The sustained charges rationally support and provide adequate evidence for the arbitrator's conclusion that petitioner committed sexual misconduct by performing an "action that could reasonably be interpreted as soliciting a sexual relationship" as provided in article 21, § G (6) of the collective bargaining agreement. In finding to the contrary, Supreme Court impermissibly substituted its own judgment for that of the arbitrator, crediting petitioner's claim that he was joking when he asked the student to go out with him (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]).

In light of the foregoing evidence, the penalty of termination, notwithstanding petitioner's prior lack of disciplinary history, does not shock our sense of fairness. Petitioner's actions of calling a student at home, asking her if she was happy with the results of an examination, and then asking her out on a date, clearly constituted unacceptable behavior (*see e.g. Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856, 857 [1st Dept 2011]). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.